IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Frank L. Scott, individually and on behalf of others similarly situated, )<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Vanderbilt Mortgage and Finance, Inc., )<br>)<br>Defendant. )<br>_____) | Civil Action No.: 9:07-cv-03232-CWH |

**PLAINTIFF FRANK L. SCOTT'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Local Rules 7.04 and 7.05 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Frank L. Scott (hereinafter "Plaintiff") respectfully submits this memorandum of law in opposition to Defendant Vanderbilt Mortgage and Finance, Inc.'s (hereinafter "Vanderbilt") Motion to Dismiss.

**INTRODUCTION**

Vanderbilt's Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted on any of the grounds asserted therein. First, Vanderbilt has not established res judicata as a bar to the present suit. Second, Plaintiff's Complaint, when read as a whole, sufficiently states a cause of action for which relief may be granted. For these reasons, as more fully articulated below, Plaintiff has stated a cause of action for relief, and Vanderbilt's Motion to Dismiss should be denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this action with the filing of his Summons and Complaint in the Beaufort County Court of Common Pleas on August 28, 2007. Vanderbilt, through its

1

attorney, accepted service on the same date. The case was removed to the United States District Court for the State of South Carolina, Beaufort Division, by Vanderbilt on September 25, 2007.

Plaintiff's sole cause of action involves a claim that Vanderbilt's notice of intended disposition of collateral sent to him after repossession of his mobile home violated South Carolina's Uniform Commercial Code. Specifically, Plaintiff asserts that the form notice did not contain the information required by S.C. Code Ann. §§ 36-9-613 and 614. (Complaint, ¶ 19).

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of a complaint if it fails to state a claim upon which relief can be granted. At the FRCP Rule 12(b)(6) stage, the Court must accept as true all of the factual allegations contained in the complaint. *See Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). Intrinsic in any FRCP Rule 12(b)(6) motion to dismiss is an interpretation of FRCP Rule 8(a)(2). FRCP Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The statement need not include specific facts; it need only "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1966 (quoting *Conley*, 355 U.S. at 47).

The *Twombly* court, in doing away with the "no set of facts" or "conceivability" Rule 12(b)(6) standard, first mandated by the Supreme Court in *Conley v. Gibson*, held that "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level … on the assumption that all of the complaint's allegations are true" in order to survive a 12(b)(6) motion to dismiss. *Twombly* at 1966.

## **LAW/ANALYSIS**

**I.    Plaintiff's claim is not barred by res judicata because Scott I was not fully adjudicated on the merits for claim preclusion purposes and the same cause of action is not involved in both cases.**

In its 12(b)(6) Motion, Defendant alleges that the case at bar is barred by the doctrine of res judicata "because this same Plaintiff's claim that the notice of intended disposition of collateral was defective was dismissed with prejudice" by the Tennessee District Court. *See Scott v. Vanderbilt Mortgage and Fin., Inc.*, No. 3:07-0512, 2007 WL 2343681 (M.D. Tenn. Aug. 13, 2007) (hereinafter *"Scott I"*).

In a res judicata analysis, the claim-preclusive effect of a federal court sitting in diversity dimissing a plaintiff's complaint under FRCP Rule 12(b)(6) is governed by federal rule, which in turn (in diversity cases) incorporates the claim preclusion law in the state in which the federal court sits. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001). Hence, in the present case, this Court must look to Tennessee law to determine the claim preclusive effect, if any, of the Tennessee District Court's dismissal with prejudice of plaintiff's claim under FRCP 12(b)(6).

Under Tennessee law, a party asserting a res judicata defense must demonstrate that: (1) a court of competent jurisdiction rendered the prior judgment; (2) the prior judgment was final and on the merits; (3) the same parties or their privies were involved in both proceedings; and (4) both proceedings involved the same cause of action. *In re Estate of Boote*, 198 S.W. 3d 699, 719 (Tenn. Ct. App. 2005).

With regard to the requisite elements of a res judicata defense, there is no question that the Federal District Court for the Middle District of Tennessee is a "court of competent jurisdiction." Further, the parties in the two cases are identical, thereby satisfying the third

3

prong of the analysis. As a result the only remaining issues for discussion are elements (2) and (4).

Under Tennessee law, a 12(b)(6) dismissal with prejudice is a final adjudication on the merits. *See*, *e.g.*, *Dyer v. Intera Corp*, 870 F.2d 1063, 1066 (6th Cir. 1989); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 208 (Tenn. Ct. App. 1994). As such, a 12(b)(6) dismissal carries full res judicata effect. *See Rampy*, 898 S.W.2d at 208. This "full res judicata effect" is triggered by TRCP 41.02 (and FRCP Rule 41(b)) which states:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this Rule 41*, other than a dismissal for lack of jurisdiction or lack of an indispensible party, operates as an adjudication on the merits.

*Id*. at 208 (citing *Dyer*, 870 F.2d at 1066) (emphasis added by *Dyer* court).

In light of the above language, the obvious question becomes whether Judge Echols "otherwise specifie[d]," for purposes of applying Rule 41(b), that his order would not operate as an adjudication on the merits for claim preclusion effect. At the conclusion of his Order, Judge Echols writes that the case is dismissed with prejudice. *See Scott I*, 2007 WL 2343681, at *4. However, on Page *3 of the Order, in the choice of law analysis, the Judge writes "Plaintiff could assert the same claim against the Defendant in a South Carolina court…." *Id.* at *3. The judge's choice of phrasing in using "could," rather than "could have," "should have," etc., calls into question the intent of his ruling, so far as its effect on the issue of claim preclusion/res judicata. The Order continues by stating that "[p]laintiff cannot pursue a nationwide class action lawsuit in South Carolina, however, because South Carolina does not allow non-residents to sue foreign corporations in its courts." *Id.* The choice of tense by Judge Echols indicates that Plaintiff's cause of action under South Carolina law is still viable.

The argument is certainly consistent with the underlying principle of res judicata, i.e. to "prevent[] parties from splitting their cause of action." *See Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Group*, 210 S.W.3d 557, 564 (Tenn. Ct. App. 2006). Clearly, Plaintiff

4

was not attempting to "hold back" claims that could have and should have been brought simultaneously with the claim at issue.

The fourth requirement for a res judicata defense is that both proceedings involve the same cause of action. Some courts have explained that res judicata bars the same cause of action as to all issues which were or could have been litigated in the former suit. *See, e.g.*, *Scales v. Scales*, 564 S.W.2d 667, 670 (Tenn. Ct. App. 1977); *Harrison v. Bloomfield Building Indus., Inc*., 435 F.2d 1192, 1195 (6th Cir. 1970); *Richardson v. Tenn. Bd. Of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *Boote*, 198 S.W. 3d at 718.

In *Phillips v. General Motors Corp*., 669 S.W.2d 666 (Tenn. Ct. App. 1984), the Court of Appeals of Tennessee held that:

> [a] fundamental test applied for comparing causes of action, for the principles of res judicata, is whether the **primary right and duty, and delict or wrong**, are the same in each action….. Two actions have also been regarded as being based on the same cause of action where the issues in the first action were broad enough to comprehend all that was involved in the issues of the second action, or two actions have such a measure of identity that a different judgment in the second **would destroy or impair rights or interests** established by the judgment in the first.

*Id*. at 667-668 (quoting 46 Am. Jur. 2d, *Judgments* § 406) (emphasis added).

And,

> [I]n determining whether the cause of action in the two actions are the same for the purposes of estoppel or bar, it is necessary to consider their essential elements rather than the identity of the facts which may have been pleaded or proved as evidencing those elements.

*Id.* at 668.

Based on this test, the *Phillips* court held that a claim of *res judicata* will not lie when in the first action against General Motors, the plaintiff elected to rescind a contract for the purchase of a vehicle, and that action was "dismissed with full prejudice," followed by a second suit in which the plaintiff sued General Motor for damages for a breach of warranty arising out of the same purchase. The court held:

5

> In the prior action the facts necessary to establish the right to relief required that the Plaintiff show the defects of the vehicle were so extensive as to substantially impair its value to him, while breach of warranty entitled one to recover for defects of a lesser degree. **We recognize that this is a close question but are persuaded that a suit for rescission and revocation of acceptance and one for breach of warranties are different causes of action, and a plea of *res judicata* is therefore unavailing.**

*Id.* (emphasis added.)

Thus, Tennessee recognizes that the first prong of the "same cause of action" test is: what is the "primary duty" and "primary wrong" in the two causes of action. In this case, the "primary right," as Plaintiff alleged in *Scott I*, is that he had a right to be sent notice of intended disposition of his repossessed mobile home in conformity with a specific Tennessee statute. The "primary duty," as alleged in *Scott I*, is Defendant's duty to send notice compliant with Tennessee law. The "primary wrong," as alleged in *Scott I* is the alleged violation by Defendant in sending notice which was not compliant with Tennessee law, and his right to receive statutory damages under Tennessee law. The "primary right," "primary duty," and "primary wrong" in the present case all pertain to **South Carolina** law; specifically, a duty and a right which arise out of S.C. Code Ann. §§ 36-9-613, 614, and a remedy under S.C. Code Ann. § 36-9-625(c)(2).

Tennessee also requires that the court "consider their [the two causes of action's] essential elements rather than the identity of facts which may have been pleaded or proved as evidencing those elements." *Phillips*, 669 S.W.2d at 668. Therefore, while the facts may be similar, e.g., that a particular notice was sent and that a private sale followed, the "elements" of the two causes of action are determined and controlled by *either* Tennessee or South Carolina law, and thus cannot be said to be the same.

In *Scott I*, the court held that because Plaintiff alleged **no** cause of action under South Carolina's Uniform Commercial Code, as required by a choice of law provision in his contract, alleging on the contrary a cause of action under the Tennessee statute, his case was

6

due to be dismissed. The court dismissed the case with prejudice. *See Scott I*, 2007 WL 2343681, at *4. Accordingly, Plaintiff is precluded from bringing a cause of action based on the Tennessee UCC, because his contract *requires* him to base any complaint on South Carolina law. As the court noted in it Order, "Plaintiff *could* assert the same claim against the Defendant in a South Carolina court…." *Id*. (emphasis added).

A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first. *See Donovan v. Lewnowski*, No. No. 03-cv-2985, 2005 WL 2095739, *3 (E.D.N.Y. Aug. 30, 2005). As is apparent, that is not the case here. No determination in this action, as to the merits of Plaintiff's claim that Vanderbilt's notice violates South Carolina's UCC can in any respect do violence to the decision of the Tennessee District Court in *Scott I*, that Plaintiff failed to state a cause of action under Tennessee's UCC **in light of the choice of law requirement in his contract.**

The causes of action, one sounding under a Tennessee statute, the other under a statute of the state of South Carolina, however similar they may be, are nevertheless, different "rights and duties." They are purely statutory enactments, unknown to the common law.

**II.     Plaintiff's use of the phrase "mandatory wording" in Paragraph 9 of his Complaint does not constitute a basis for dismissal under FRCP Rule 12(b)(6).**

The crux of Vanderbilt's first argument arises out of Plaintiff's Complaint, ¶ 9, wherein Plaintiff alleges:

> 9. S.C. Code Ann. §§ 36-9-613 & 614 set forth the mandatory wording the secured party must include in the written notice of intended sale of the collateral, and Official Comment § 9-614 of the Uniform Commercial Code instructs that a written notice to a consumer debtor or obligor which is not in compliance with the above-referenced sections is insufficient as a matter of law.

7

Plaintiff admits this is not an artful translation of the statutes. Therefore, her Complaint should be amended to read:

> 9. S.C. Code Ann. §§ 36-9-613 & 614 set forth the mandatory wording the secured party must include in the written notice of intended sale of the collateral under the "safe harbor" provisions of those statutes, or alternatively, the mandatory information that must be included in the written notice. Official Comment § 9-614 of the Uniform Commercial Code instructs that a written notice to a consumer debtor or obligor which is not in compliance with the above-referenced sections is insufficient as a matter of law.

Vanderbilt's second argument is "Plaintiff's Complaint contains no facts suggestive of liability." (Vanderbilt's Motion to Dismiss, p. 11). Vanderbilt argues that "Plaintiff alleges that a secured transaction occurred and that Vanderbilt repossessed the collateral, sent him notification of the intended disposition of the collateral, and sold the collateral. The only allegation about any deficiency in the Notice of Private Sale is a legal conclusion. (Comp. ¶ 13-18)" (*Id.*, p. 11).

Paragraph 19 of the Complaint now states:

> 19. Upon information and belief, the "Notice of Private Sale", or "Letter 141", which Vanderbilt sent to Plaintiff, does not comply with the requirements of S.C. Code Ann. §§ 36-9-613 & 614.

The Complaint should be amended to read as follows:

> 19. Upon information and belief, the "Notice of Private Sale" or "Letter 141" which Vanderbilt sent to Paintiff, does not comply with S.C. Code Ann. §§ 36-9-613 & 614 in that it is not in the form of the statutory "safe harbor", nor does it contain the information required in the cited statutes.

Accordingly, Plaintiff will so move to amend his Complaint.

## CONCLUSION

For the reasons set forth hereinabove, Plaintiff requests denial of Vanderbilt's Rule 12(b)(6) motion to dismiss.

        s/ Frederick M. Corley_____
Frederick M. Corley
Federal Bar #310
P.O. Box 2265
Beaufort, SC 29901-2265
Telephone (843) 524-3232
Telefax (843) 525-9442
rcorley@islc.net

Kathy D. Lindsay
Federal Bar #
1214-A King Street
Beaufort, SC 29902
Telephone (843) 521-1581
Telefax (843) 521-1591
klindsay@islc.net

Scott W. Lee
Federal Bar #7207
P.O. Box 2124
Beaufort, SC 2990
Telephone (843) 986-9030
Telefax (843) 525-9442
swlee@islc.net

Philip L. Fairbanks
Federal Bar #756
1214 King Street
Beaufort, SC 29902
Telephone (843) 521-1580
Telefax (843) 521-1590
fllaw@islc.net

*Attorneys for Plaintiff*

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 15, 2007, a true and correct copy of the foregoing was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

      B. Rush Smith III
      Allen Mattison Bogan
      Nelson Mullins Riley & Scarborough LLP
      1320 Main Street, 17th Floor
      Post Office Box 11070 (29211-1070)
      Columbia, SC 29201
      Rush.smith@nelsonmullins.com
      matt.bogan@nelsonmullins.com

      By:    s/ Frederick M. Corley